NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GIGSI PAOLA MADRID-
HERNANDEZ; ARJEN ALEXANDER
MEJIA-MADRID; SOFIA MONSERRAT
AVELAR-MADRID; LYAM ADIEL
PUERTO-MADRID,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1548

Agency Nos.
A240-933-998
A240-933-999
A240-934-050
A240-934-051

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.***

Petitioner Gigsi Paola Madrid-Hernandez and her three minor children,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

natives and citizens of Honduras (Petitioners), petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from an Immigration Judge's (IJ) decision denying applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. To be eligible for asylum or statutory withholding of removal, a petitioner must establish that she suffered past persecution or has a well-founded fear of future persecution based on a protected ground.  *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021).  Because the BIA relied solely upon the failure to establish a protected ground, our review of the asylum and withholding of removal claims is limited to that issue.  *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

The BIA concluded that Petitioners waived any challenge to the IJ's determination that the two proposed particular social groups—"the Madrid Family" and "Hondurans who have participated in investigations of MS gang crimes"—were not cognizable because both proposed groups lacked particularity

---

[1] The minor children are derivative beneficiaries of Madrid-Hernandez's application for asylum under 8 U.S.C. § 1158(b)(3)(A) and they did not file their own applications.  They do not have derivative claims for withholding of removal or CAT relief.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (neither withholding of removal nor CAT relief may be derivative).

and social distinction. 8 U.S.C. § 1252(d). Petitioners do not challenge the BIA's waiver determination in their opening brief and therefore have forfeited the issue before this court. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (explaining that arguments that are not developed in a petitioner's opening brief are forfeited). The BIA's non-cognizability finding is dispositive of the claims for asylum and withholding of removal.[2] *See Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (denying petition for review when proposed particular social group was not cognizable), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Therefore, we deny the petition for review as to these claims.

2. As to CAT protection, substantial evidence supports the agency's determination that Petitioners have not demonstrated that it is more likely than not that she would be subjected to torture by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity.

---

[2] Because this finding was dispositive, the BIA did not address any arguments related to asylum and withholding of removal, including whether Petitioners demonstrated the requisite nexus between any harm and a protected ground and the ability to safely relocate to avoid future harm. The BIA also determined that Petitioners waived review of any arguments pertaining to past persecution or had a well-founded fear of future persecution. Petitioners do not challenge these waiver determinations. We decline to consider issues that the BIA did not consider and that are unnecessary to the disposition of this case. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

*Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal shall expire upon issuance of the mandate. The motion for a stay of removal is otherwise denied.